**WO**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | No. CR-14-271-PHX-NVW (SPL) |
| | ) | |
| Plaintiff, | ) | **ORDER OF DETENTION** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| Adrian Arredondo-Felix, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| ——————————————— | ) | |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held.  I conclude that the following facts are established: (Check one or both, as applicable.)

☐     by clear and convincing evidence Defendant is a danger to the community and require the detention of Defendant pending trial in this case.

☒     by a preponderance of the evidence Defendant is a serious flight risk and require the detention of Defendant pending trial in this case.

## PART I -- FINDINGS OF FACT

☐     (1)     Defendant has been convicted of a (federal offense)(state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

☐     a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

☐    an offense for which the maximum sentence is life imprisonment or death.

☐    an offense for which a maximum term of imprisonment of ten years or more is prescribed in

_____[1]

☐    a felony that was committed after Defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐    (2)    The offense described in finding 1 was committed while Defendant was on release pending trial for a federal, state or local offense.

☐    (3)    A period of not more than five years has elapsed since the (date of conviction)(release of Defendant from imprisonment) for the offense described in finding No. 1.

☐    (4)    Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of other person(s) and the community.  I further find that Defendant has not rebutted this presumption.

### Alternative Findings

☒    (1)    There is probable cause to believe that Defendant has committed an offense

☒    for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), Possession with Intent to Distribute a Controlled Substance (Cocaine) (Count One), and 21 U.S.C. §§ 952(a) and 960(b)(3), Importation of a Controlled Substance (Cocaine) (Count Two).

☐    under 18 U.S.C. § 924(c)

☐    (2)    Defendant has not rebutted the presumption established by finding No. 1 that no condition or combination of conditions will reasonably assure the appearance of Defendant as required and the safety of the community.

_____

[1] Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**Alternative Findings**

☐      (1)      There is a serious risk that Defendant will flee; no condition or combination of conditions will reasonably assure the appearance of Defendant as required.

☐      (2)      No condition or combination of conditions will reasonably assure the safety of others and the community.

☐      (3)      There is a serious risk that Defendant will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror).

☐      (4)      _____

## PART II -- WRITTEN STATEMENT OF REASONS FOR DETENTION
### (Check one or both, as applicable.)

☐      (1)      I find that the credible testimony and information[2] submitted at the hearing establishes by clear and convincing evidence as to danger that:

_____

_____

☒      (2)      I find that a preponderance of the evidence as to risk of flight that:

☒      While he is a legal permanent resident, Defendant is not a citizen of the United States.

☐      Defendant, at the time of the charged offense, was in the United States illegally.

☐      If released herein, Defendant faces deportation proceedings by the Bureau of Immigration and Customs Enforcement, placing him/her beyond the jurisdiction of this Court.

☐      Defendant has no significant contacts in the United States or in the District of Arizona.

_____

[2] "The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f).  *See*, 18 U.S.C. § 3142(g) for the factors to consider for detention.

☐      Defendant has no resources in the United States from which he/she might make a bond reasonably calculated to assure his/her future appearance.

☐      Defendant has a prior criminal history.

☐      Defendant lives and works in Mexico.

☐      Defendant is an amnesty applicant but has no substantial ties in Arizona or in then United States and has substantial family ties to Mexico.

☐      There is a record of Defendant's prior failure to appear in court as ordered.

☐      Defendant attempted to evade law enforcement contact by fleeing from law enforcement.

☒      Defendant is facing a minimum mandatory of 10 years of incarceration and a maximum of life if Defendant goes to trial and is convicted.

☐      Defendant does not dispute the information contained in the Pretrial Services Report, except:

_____

_____

☒      In addition:

1. Defendant is alleged to have lied to the customs agents at the San Luis Port of Entry that he had no illicit drugs in the vehicle as he entered the U.S., but at the secondary inspection station, the customs/border patrol agents discovered 11.7 kilograms of cocaine hidden in the vehicle; 2. Defendant admitted to agreeing to smuggle the drugs into the U.S. and he was going to be compensated for doing so. 3. The Government has a very strong case against Defendant and a conviction is likely; 4. Defendant's girlfriend lives in Mexico as do three of his siblings; 4. Defendant raised in San Luis, Sonora, Mexico; 5. Because of Defendant's strong ties to Mexico and the likelihood of Defendant receiving a significant prison, Defendant is likely to flee to Mexico if he were released on conditions.

The Court incorporates by reference the findings of the Pretrial Services Agency which were reviewed by the Court at the time of the hearing in this matter.

## PART III -- DIRECTIONS REGARDING DETENTION

**IT IS ORDERED** that Defendant is committed to the custody of the Attorney General or his/her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being

held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

## PART IV -- APPEALS AND THIRD PARTY RELEASE

**IT IS FURTHER ORDERED** that should an appeal of this detention order be filed, it is counsel's responsibility to deliver a copy of the motion for review/ reconsideration to Pretrial Services at least one day prior to the hearing set before the District Court.  Pursuant to Rule 59(a), Fed.R.Crim.P., effective December 1, 2005, Defendant shall have **fourteen (14) days** from the date of service of a copy of this order or after the oral order is stated on the record within which to file specific written objections with the assigned district judge.  Failure to timely file objections in accordance with Rule 59(a) will waive the right to review. Rule 59(a), Fed.R.Crim.P.

**IT IS FURTHER ORDERED** that if a release to a third party is considered, it is defense counsel's responsibility to notify Pretrial Services sufficiently in advance of the hearing before the District Court to allow Pretrial Services an opportunity to interview

///

///

///

and investigate the potential third party custodian.

DATED this 3rd day of March, 2014.

Lawrence O. Anderson
United States Magistrate Judge